(86 App. Div. 243.)

### NORMAN v. DOWD et al.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. NEGLIGENCE — RECESSES IN BRICK WALL — FAILURE TO MAKE ONE OF SUF-
   FICIENT HEIGHT.
   Defendant undertook to prepare recesses in a brick wall, which should be high enough to receive iron columns which plaintiff and others associated with him were employed to place therein.   He failed to make one of the recesses of sufficient height, and in consequence thereof the top of a column which plaintiff and his associates were endeavoring to put in place struck the bricks at the top of the recess, causing them to fall on plaintiff, injuring him.   Held, that defendant was negligent.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
   Plaintiff testified that he thought everything was safe to go on, and that the space afforded by the recess looked wide enough.   The work in placing a column in a recess absorbed plaintiff's entire attention, and required the exercise of all his energy.   Held, that the question of his contributory negligence was for the jury.

Appeal from Municipal Court of New York.

Action by Peter Norman against Michael Dowd and another. From an order setting aside a verdict on the ground that no evidence was given showing plaintiff's freedom from contributory negligence, plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and WOODWARD, JJ.

Conrad Saxe Keyes, for appellant.

Harrison F. Johnson, for respondents.

PER CURIAM. We think that this case was correctly tried and properly submitted to the jury, and that the verdict of $250 in favor of the plaintiff should have been allowed to stand. There was evidence that the defendants undertook to prepare recesses in a brick wall, which should be high enough to receive the iron columns which the plaintiff and the ironworkers associated with him were employed to place therein; that they failed to make one of those recesses of sufficient height; that, in consequence of this insufficiency, the top of a column which the plaintiff and his companions were endeavoring to put in place struck the brickwork at the top of the recess, thus causing the fall of several bricks; and that these bricks in falling struck the plaintiff, and produced the injuries of which he complains.

This proof made out a case of negligence against the defendants. They knew, or ought to have known, the exact height of the columns. Having undertaken to prepare the recesses, it was their duty to ascertain the sufficiency of each recess by actual measurement, if necessary, before the ironworkers were called upon to insert the column therein. It was obvious, from the nature of the work, that a deficiency in the height of the recess, perhaps not readily discernible by the eye, might result in precisely such an accident as that which occurred in this case, when the ironworkers were engaged in trying to place in the recess one of these heavy columns.

We are also of opinion that the evidence on the question of contributory negligence was such as to make it proper to leave that question to the jury. The plaintiff testified that he thought "everything was safe to go on," and the space afforded by the recess looked wide enough, and that was the reason he went on. While engaged in the performance of duties that naturally absorbed his entire attention and required the exercise of all his energy, it cannot be held as matter of law that the plaintiff was guilty of contributory negligence in assuming that the defendants had made the recess long enough to receive the column, or in failing to notice that it was too short, when the defect in this respect was not plainly manifest.

The order setting aside the verdict should be reversed.

Order of the Municipal Court setting aside verdict reversed, with costs, and judgment reinstated.